## THORNTON *v.* GERMANIA FIRE INSURANCE COMPANY.

This court being evenly divided in opinion upon the question certified by
the Court of Appeals, the case is returned without instruction in an-
swer to the question.

NO. 1979.   MARCH 5, 1921.

Question certified by Court of Appeals (Case No. 11250).

*G. R. Nottingham* and *E. E. Cox,* for plaintiff.

*Passmore & Forehand* and *King & Spalding,* for defendant.

PER CURIAM.   This case came before this court on a question
certified by the Court of Appeals, as follows:

" The policy of fire insurance sued upon contained a provision,
that, subsequent to the burning of the property insured, the insured
' shall, if required, furnish a certificate of the magistrate or notary
public (not interested in the claim as a creditor or otherwise, nor
related to the insured) living nearest the place of fire, stating that he
has examined the circumstances and believes the insured has honest-
ly sustained loss to the amount that such magistrate or notary
public shall certify.' Following this and other provisions, the pol-
icy contained the following stipulation: ' No suit or action on this
policy, for the recovery of any claim, shall be sustainable in any
court of law or equity until after full compliance by the insured
with all the foregoing requirements, nor unless commenced within
twelve months after the fire.' By an amendment to her petition the
plaintiff admitted that before suit she did not furnish the required
certificate of the magistrate or notary public referred to above, but
in paragraph ' B ' of her amendment she set up the following rea-
son why the certificate was not furnished: ' B. That the magistrate
or notary public not interested in the claim as a creditor or other-
wise nor related to the insured, living nearest the place of fire, was
—— Sheppard, and he, the said Sheppard, declined and refused to
make any statement or furnish any certificate stating he had exam-
ined the circumstances and believed the insured had honestly sus-
tained loss to the amount claimed by her or to any amount to be
stated by such magistrate, for the reason, as given by him, that he
had not seen the plaintiff's property that was so destroyed by fire as
above set forth, that he knew no facts upon which he could base an
opinion to be expressed in such certificate, and therefore declined to
make any statement whatever concerning the same, though requested
so to do by the plaintiff herein for the purpose of furnishing said

certificate to the defendant herein. . .' The plaintiff further alleged in her amendment, in effect, that she made a bona fide effort to furnish the required certificate, but that as the magistrate refused to give it when requested; it was impossible for her to comply with this provision of the policy; and that under such circumstances this provision is not binding upon her and should not operate to defeat her right to bring suit upon the policy. Under these circumstances did the court err in striking, on the motion of the defendant, paragraph B of the amendment to the petition, on the ground that it was irrelevant and immaterial and afforded no valid excuse for the plaintiff's failure to furnish the required certificate?"

The question certified being for decision by a full bench of six Justices, who are evenly divided in opinion, Fish, C. J., and Hill and Gilbert, JJ., being of the opinion that the court did not err in striking the amendment to plaintiff's petition, and Beck, P. J., and Atkinson and George, JJ., being of the opinion that the court did err in striking the amendment to plaintiff's petition, it is considered and adjudged that the case be returned to the Court of Appeals without instructions, as provided in article 6, section 2, paragraph 9, of the constitution (Civil Code, § 6506).